CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beckle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMIE S. for )
SAMUEL S., deceased, )
 )
    Plaintiff ) Civil Action No. 7:18-CV-00294
 )
v. )
 )
ANDREW SAUL, Commissioner of )
Social Security, ) By: Michael F. Urbanski
 ) Chief United States District Judge
 )
    Defendant )

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on June 14, 2019, recommending that the plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Samuel S. ("Samuel") has filed objections to the report and this matter is now ripe for the court's consideration.[1]

### I. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[2] is designed to "train[ ] the attention of both the district court and the court of

---

[1] Samuel died on January 30, 2019 and his wife, Jamie S., was substituted as plaintiff. ECF No. 25. To avoid confusion, the plaintiff will still be referred to as "Samuel."
[2] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely

conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir. 2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

3

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [he] seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## III. Plaintiff's Objections[3]

Samuel objects to three findings by the magistrate judge: (1) that the ALJ's assessment of Samuel's residual functional capacity (RFC) is supported by substantial evidence; (2) that the ALJ considered and gave proper weight to Samuel's subjective complaints; and (3) that new evidence submitted to the Appeals Council did not warrant remand of his case. The Commissioner responded that the magistrate judge correctly found that substantial evidence supported the ALJ's conclusions.

### A. Physical RFC Assessment

The process for assessing a claimant's RFC is set forth in SSR 96-8P, 1996 WL 374184 (S.S.A.). The ruling sets out in relevant part the following:

> The RFC must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may the RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

Id. at *1. Physical abilities set out in 20 C.F.R. 404.1545(b) and 416.945(b) include sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching. Mental abilities set out in subpart (c) of the regulation include understanding, remembering, and carrying out instructions, responding appropriately to supervision, co-workers, and work pressures in a work setting. Other abilities set out in subpart (d) of the regulation include those affected by skin impairments or epilepsy, impairment of vision, hearing or other senses, or impairments which impose environmental restrictions.

---

[3] Detailed facts about Samuel's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 26) and in the administrative transcript (ECF No. 8) and will not be repeated here.

The Fourth Circuit made clear in Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016), that the "'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." Monroe, 826 F.3d at 187-188 (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8P, 61 Fed. Reg. at 34,475)). Only after such a function-by-function analysis may an ALJ express RFC "'in terms of the exertional levels of work.'" Monroe, 826 F.3d at 179 (quoting SSR 96-8P, 61 Fed. Reg. at 34,475).

Expressing RFC before analyzing the claimant's limitations function by function creates the danger that "'the adjudicator [will] overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do.'" Id. at 187 (quoting Mascio, 780 F.3d at 636 and SSR 96-8p, 61 Fed. Reg. at 34,476). In addition, the ALJ's assessment must include a narrative discussion of how the evidence supports each conclusion, citing medical facts and nonmedical evidence, and "'must build an accurate and logical bridge from the evidence to his conclusion.'" Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).[4]

In this case, the ALJ first found that Samuel had the severe impairments of alcohol abuse and status-post hip arthroplasty for left hip avascular necrosis. She then discussed Samuel's medical history at length and summarized his subjective complaints, including the testimony he gave at the hearing. R. 53-58. The ALJ concluded that Samuel had the RFC to

---

[4] In Clifford, 227 F.3d at 872, the court observed that it is not enough for an ALJ to state in a conclusory manner that a claimant's testimony regarding limitations placed on his daily activities was unsupported by the medical evidence. Rather, an ALJ must articulate "some legitimate reason for his decision" and "build an accurate and logical bridge from the evidence to his conclusion."

do sedentary work with the additional restrictions of standing and walking for a total of two hours in an eight-hour workday with each standing interval lasting up to one-half hour at a time and walking up to fifteen minutes at a time; occasional balancing, stooping, crouching, crawling, kneeling, and climbing, but never on ladders, ropes, or scaffolds; he could do no pushing or pulling with the lower extremities; would need to avoid concentrated exposure to temperature extremes of cold and heat, wetness, humidity, and vibrations, and would require a cane for ambulation. R. 53.

The ALJ's decision included a detailed summary of Samuel's medical records, the medical opinions, and his hearing testimony. The magistrate judge concluded that the ALJ's opinion included the narrative discussion required by SSR 96-8P and contained sufficient information to allow meaningful review. The court was not left to guess about how the ALJ reached her conclusions because she adequately explained them.

Samuel argues that the ALJ did not build the "logical bridge" required by Monroe and Clifford. However, a review of the ALJ determination shows that she did explain her conclusions. For example, she pointed out that although Samuel testified that he was unable to walk because of severe hip pain, he also testified that he could walk the length of a football field without stopping to rest, and that he could do chores around the house with frequent breaks. Following his left total hip arthroplasty, Samuel was described as doing well with only lateral incision pain and minimal pain with range of motion. Five months after hip surgery, Samuel was discharged from physical therapy for failing to appear for appointments but it was noted that his strength, pain levels, gait, and functional performance had all improved. R. 54.

The ALJ discussed additional medical records which showed little evidence of musculoskeletal abnormalities and also indicated that most of Samuel's problems were the result of alcohol intoxication and abuse. He reported using a bicycle for transportation and a psychiatrist he saw encouraged him to return to work. When Samuel was not consuming alcohol, he reported feeling better but had some left hip pain and weakness.

In sum, the ALJ discussed all the evidence at length before concluding that the RFC was supported by the longitudinal record, Samuel's course of treatment, his daily activities including work activities, the objective medical evidence, and the opinion evidence. Thus, the court finds that the ALJ provided a "logical bridge" for her conclusions regarding Samuel's RFC. The ALJ also conducted the function-by-function analysis called for in the regulations when she discussed how long he could walk, sit, and stand, and his other exertional limitations. Accordingly, this court agrees with the magistrate judge's conclusion that the ALJ's determination of Samuel's RFC was supported by substantial evidence. Samuel's objections to this finding are **OVERRULED**.

### B. Subjective Complaints

Samuel also argues that the ALJ merely summarized his subjective complaints and concluded that the allegations were not fully supported without providing the required explanation of how she arrived at her conclusions. The magistrate judge found that the ALJ included a detailed description of Samuel's medical history along with his own allegations before finding that his allegations were not entirely consistent with the medical evidence and other evidence in the record. For example, the ALJ found that Samuel's subjective complaints were not fully supported by the reports of doctors who treated him, imaging studies of his

hip, and the state agency physicians. In addition, his reports of his daily activities were not consistent with either his claimed physical or mental impairments.

In his objections, Samuel argues that the ALJ engaged in speculation and made generalized statements that his allegations are not entirely consistent with other evidence in the record and that the magistrate judge failed to "acknowledge the evidence pointed to by the ALJ does not disprove plaintiff's pain allegations." However, Samuel does not specify examples of speculation or generalized statements to which he objects, which makes it impossible to address the objection.

Moreover, it is the duty of the ALJ to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456. If the ALJ cited substantial evidence in support of her determination that Samuel's subjective complaints were not supported by the record, she committed no error. See Bishop v. Comm'r of Soc. Sec., 583 F.App'x. 65, 68 (4th Cir. 2014) (finding ALJ's determination supported by substantial evidence where she cited specific contradictory testimony and evidence in analyzing claimant's credibility).

Also, with regard to the argument that the evidence cited by the ALJ does not disprove Samuel's allegations, the role of the reviewing court is limited to determining whether substantial evidence supports the ALJ's determination. The court may not reweigh the evidence and is not at liberty to determine whether the evidence pointed to by the ALJ disproves Samuel's subjective allegations. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence.")

Rather, as long as the ALJ cites to substantial evidence--more than a scintilla but less than a preponderance--the determination must be upheld. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). See also Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (noting that the decision before the court is not whether the claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence); Foy v. Berryhill, No. CBD-17-2743, 2018 WL 3707837 at *5 (D. Md. 2018) (finding that while evidence cited by plaintiff could be construed as support for plaintiff's viewpoint, it is not court's role to reweigh evidence); Clark v. Colvin, No. 5:13-cv-00157, 2014 WL 7005366 at *1 ("The Court cannot substitute its judgment for that of the Commissioner, even if the Court would have decided differently, so long as the ALJ's decision is supported by substantial evidence.") For these reasons, the court **OVERRULES** Samuel's objection that the magistrate judge erred when he found that the ALJ properly considered Samuel's complaints of disabling pain and his other subjective complaints.

**C. New Evidence**

In Wilkins v. Sec'y Dep't Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991), the Fourth Circuit held that "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). In addition, there must also be a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. § 404.970. Samuel submitted new evidence to the Appeals Council, which consisted of 21 pages from New Horizons Healthcare dated July 19, 2017 through February 14, 2018,

and 14 pages from Carilion Clinic Pain Management, dated February 21, 2018 through March 13, 2018. The Appeals Council declined to consider the evidence because the ALJ decided Samuel's claim on April 28, 2017 and the evidence was produced after that date.

Samuel argued to the magistrate judge that the evidence was new, material, and relevant to the issues that were before the ALJ. He argued that the ALJ discounted Samuel's allegations of pain because he was not on continued pain medications and the new evidence confirmed that opioids were not prescribed for him because of his past substance abuse issues and psychiatric illness. The evidence further showed that Samuel continued to have significant left hip pain and walked with a limp after his hip replacement.

The magistrate judge found that the new evidence did not relate to the period on or before the date of the ALJ's decision. The magistrate judge also found that the new evidence was not in conflict with the evidence already considered by the ALJ and thus would not likely have changed her decision.

In his objections, Samuel raised the same arguments he raised to the magistrate judge. Although Samuel argues that the ALJ discounted his allegations of pain because he was not on continued pain medications, that is not a complete recitation of the ALJ's reasons. The ALJ found that Samuel's use of alcohol since his surgery and his requests for narcotic pain medication were not strong evidence of severe pain symptoms because he had a long history of heavy alcohol use prior to the symptoms. The ALJ also noted that the orthopedic surgeon had not found a "good reason" for Samuel's pain and had not prescribed additional pain medications or treatment except for physical therapy, which Samuel did not attend. In addition, although he testified that pain limited his ability to concentrate, he also testified that

he watched television, enjoyed reading books, and completed crossword and Sudoku puzzles. R. 56-57.

The fact that a doctor who saw Samuel after April 28, 2017 found the use of opioid medication contraindicated because of Samuel's history of alcohol abuse would not have changed the ALJ's opinion. Samuel's alcoholism was well-documented in the record and was a concern for other doctors who prescribed medications. R. 896. He typically was prescribed non-narcotic pain relievers such as Celebrex, ibuprofen, acetaminophen, and aspirin. R. 696, 895, 896, 730. Samuel points to nothing in either the record or the new evidence that indicates it would have changed the ALJ's decision with regard to his subjective allegations of pain. Therefore, his objections on this issue are **OVERRULED**.

## CONCLUSION

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

Entered: 09/09/2019

Michael F. Urbanski
Chief United States District Judge